UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

INFINITE GROWTH GROUP, LLC formerly
known as Infinite Growth Partners,
LLC,

                Plaintiff,


vs.                             Case No. 2:10-cv-85-FtM-29DNF


INFINITE GROWTH ASSOCIATES, LLC,
RICHARD HAASNOOT,

                Defendants.
_____

**OPINION AND ORDER**

    This matter comes before the Court on defendants' Motion to Dismiss Plaintiff's Complaint for Improper Venue or, In the Alternative, Motion to Transfer Venue (Doc. #9) filed on March 8, 2010. Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss (Doc #16) was filed on April 1, 2010.

    The Complaint premises subject matter jurisdiction on both diversity of citizenship and federal question jurisdiction. (Doc.

#1, ¶¶ 1, 2.) While it is not clear that complete diversity of citizenship jurisdiction exists[1], venue is nonetheless governed by 28 U.S.C. § 1391(b), which provides:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b). The only arguable basis for venue in the Middle District of Florida is that it is "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). The Complaint relies upon this provision. (Doc. #1, ¶15.)

The Eleventh Circuit, interpreting identical language from 28 U.S.C. § 1391(a)(2), held that this statute emphasizes the

---

[1] Plaintiff Infinite Growth Group, LLC (IGG) is a Florida limited liability company. As such, it is a citizen of each State of which a member is a citizen. Rolling Greens MHP, L.P. v. Comcast SCH Holdings LLC, 374 F.3d 1020 (11th Cir. 2004). The Complaint alleges that Scott Relf and Richard Haasnoot were original members. Relf assigned all his interest in IGG to Blue Chip Strategy Group, Inc., a corporation of unstated citizenship. Haasnoot is alleged to have resigned as a manager, but his Affidavit indicates he is still a member of IGG. (Doc. #9-1, ¶3.) Plaintiff agrees that Haasnoot is still a member of IGG (Doc. #16, p. 2). All indications are that Haasnoot is a citizen of Arizona. Therefore plaintiff would be a citizen of Arizona (and perhaps other states) and defendant Haasnoot appears to be a citizen of Arizona.

importance of the place where the wrong had been committed; that "only the events that directly give rise to a claim are relevant;" that "of the places where the events have taken place, only those locations hosting a 'substantial part' of the events are to be considered;" and that "only those acts and omissions that have a close nexus to the wrong" are relevant. <u>Jenkins Brick Co. v. Bremer</u>, 321 F.3d 1366, 1371-72 (11th Cir. 2003). As the Second Circuit has stated, relying in part on <u>Jenkins Brick Co.</u>:

> Thus, when a plaintiff relies on § 1391(b)(2) to defeat a venue challenge, a two-part inquiry is appropriate. First, a court should identify the nature of the claims and the acts or omissions that the plaintiff alleges give rise to those claims. Second, the court should determine whether a substantial part of those acts or omissions occurred in the district where suit was filed, that is, whether significant events or omissions material to [those] claims . . . have occurred in the district in question.

<u>Daniel v. American Bd. of Emergency Medicine</u>, 428 F.3d 408, 432 (2d Cir. 2005)(citations and internal quotation omitted). Addressing the second prong, <u>Daniel</u> stated:

> "Substantiality" for venue purposes is more a qualitative than a quantitative inquiry, determined by assessing the overall nature of the plaintiff's claims and the nature of the specific events or omissions in the forum, and not by simply adding up the number of contacts. When material acts or omissions within the forum bear a close nexus to the claims, they are properly deemed "significant" and, thus, substantial, but when a close nexus is lacking, so too is the substantiality necessary to support venue.

<u>Daniel</u>, 428 F.3d at 432-33 (internal citations omitted).

According to the Complaint, in November, 2008 Scott Relf (Relf) and Richard Haasnoot (Haasnoot) formed Infinite Growth

Partners, LLC, (IGP), a Florida limited liability company. Relf and Haasnoot executed an Operating Agreement setting forth their relationship, rights, duties and obligations in connection with IGP. In December, 2009, this entity was renamed Infinite Growth Group, LLC (IGG), which is the plaintiff in this case. IGG is a Florida limited liability company with its principal place of business in Collier County, Florida. IGG describes its business as delivering big, new, non-linear product and service ideas to certain types of top global companies through a series of proprietary processes.

While a member of IGG, Haasnoot formed Infinite Growth Associates, LLC, (IGA), an Arizona limited liability company. Plaintiff IGG alleges that IGA was designed to provide the same services as IGG, and to directly and wrongfully compete with IGG in violation of Florida law. Haasnoot contacted IGG's existing customers, pending customers, and targeted customers in an effort to obtain their business for IGA. On January 25, 2010, Haasnoot wrote an unauthorized $10,000 check on IGG's bank account to Wisdom in Business, LLC, an Arizona limited liability company solely managed by Haasnoot. On January 26, 2010, Haasnoot informed Relf he was resigning as co-manager of IGG, and had created IGA to directly compete with IGG. Haasnoot thereafter met with customers which had been targeted by IGG, solicited IGG's independent

contractors, contacted at least one of IGG's actual customers, and violated fiduciary duties to IGG.

In Count I, the Complaint seeks a declaratory judgment that: (1) Haasnoot has violated his fiduciary duties to IGG by competing with IGG; (2) Haasnoot and IGA have misappropriated IGG's trade secrets and propriety information and interfered with IGG's business relationships; (3) IGG is entitled to temporary and permanent injunctions against Haasnoot and IGA precluding use of trade secrets, name, likeness, and other propriety information; (4) IGG is entitled to damages; (5) Haasnoot and IGA have breached the Lanham Act; and (6) IGG is entitled to reasonable attorney fees and costs.  Count II alleges misappropriation of business opportunity, asserting that because Haasnoot owes a fiduciary duty to IGG, he owes a duty not to compete and deprived IGG of a business opportunity by competing.  Count III alleges a breach of the Florida Uniform Trade Secrets Act by misappropriation of trade secrets.  Count IV alleges that Hassnoot's conduct breached his fiduciary duty as a managing member of IGG. Count V alleges tortious interference with advantageous business relationship based upon interference with IGG's business relationships with its customers and independent contractors.  Count VI alleges tortious interference with a contractual right for interference with IGG's contractual rights with its customers and independent contractors. Count VII alleges unfair competition by using of a similar trade

name. Count VIII alleges a violation of the Lanham Act, 15 U.S.C. § 1125(a), for using words, terms, names, symbols, devices, or combinations in interstate commerce likely to cause confusion or mistake as to the affiliation of defendants with IGG. Count IX alleges violation of the Florida Deceptive and Unfair Trade Practices Act by using unfair methods of competition and unfair and deceptive acts and practices. Count X alleges conversion of money by writing the $10,000 check. Count XI alleges that this conduct constituted a breach of the duty of loyalty by competing with IGG.

The Affidavit filed by defendant Haasnoot states without contradiction that virtually none of the conduct alleged to have constituted any of the causes of actions occurred in the Middle District of Florida or even in Florida. Plaintiff argues, however, that "[e]verything about IGG is related to Florida. All of the wrongful conduct committed by Haasnoot can be tied to Florida." (Doc. #16, p. 2.) Plaintiff further asserts that some of the alleged wrongful conduct occurred on a trip paid for from Florida, in locations scheduled and contracted by IGG from Florida, and that Powerpoint presentations allegedly modified and used by Haasnoot were created in Florida. (Doc. #16, p. 3.) Also, plaintiff argues that because the defendant allegedly interfered with relationships originally established in Florida, using an email account that was "owned and paid for by IGG from Florida," venue is proper in this District. Finally, plaintiff argues that, although the $10,000

check was written and deposited by the defendant in Arizona, because the money was deprived from IGG in the state of Florida, venue is proper here.

In light of the above case law, the Court does not find the plaintiff's argument persuasive. Viewing the overall nature of plaintiff's claims and the nature of the specific events or omissions in the forum, no significant events or omissions material to the claims in the Complaint occurred in the Middle District of Florida. The best that can be said is that the activities of defendant Haasnoot outside the State of Florida are alleged to have caused injuries to a Florida limited liability company in Florida. While this may support personal jurisdiction, the material acts or omissions within the Middle District of Florida do not bear a sufficiently close nexus to the asserted claims. Venue in the Middle District of Florida is therefore improper.

While defendants seek a transfer to the Phoenix Division of the District of Arizona pursuant to 28 U.S.C. § 1406(a), the Court declines to do so. While that district may be proper, the Affidavit of defendant Haasnoot may provide plaintiff with other options for proper venue. The Court declines to make that choice for plaintiff.

Accordingly, it is now

**ORDERED:**

1.  Defendants' Motion to Dismiss Plaintiff's Complaint for Improper Venue(Doc. #9) is **GRANTED,** and the Complaint is dismissed without prejudice.  The Clerk shall enter judgment accordingly, terminate all pending motions and deadlines as moot, and close the file.

2.  Defendants' Alternative Motion to Transfer Venue (Doc. #9) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this ___11th___ day of August, 2010.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record